## Academy of Fine Arts *versus* Power.

1. In the case of a writ of error by a corporation, the affidavit required by law may be made by an agent of the corporation though he is not expressly deputed for that purpose.  The fourth section of the act of 22d of March, 1817, relative to suits brought by or against corporations, is not repealed, as respects such affidavits, by the third section of the act of 11th June, 1832, relative to affidavits in suing out writs of error.

ERROR to the District Court of *Philadelphia county.*

In order to obtain the writ of error in this case, an affidavit was made as follows:

" C. Macalester, agent for the within named plaintiff, being duly sworn, saith that the writ of error in this case is not for the purpose of delay.                    C. MACALESTER.

"Sworn and subscribed before me, this third day of June, 1850.
"*J. Simon Cohen,* Proth'y."

The 4th section of the act of 22d March, 1817, relative to suits brought by or against corporations, provides that "In case of appeal, certiorari or writ of error, by any corporation, the oath or affirmation required by law shall be made by the president or other chief officer of the corporation, or, in in his absence, by the cashier, treasurer or secretary," &c.

The 3d section of the act of 11th June, 1832, provides, "from and after the passage of this act, whenever a writ of error may be sued out from the supreme court to remove the proceedings of any

[Academy of Fine Arts *v.* Power.]

inferior court, the party, his agent, or attorney, shall be competent to make the affidavit required in such cases."

*A. Miller*, for the defendant in error, moved to quash the writ in this case, upon the grounds—

1. That it did not appear that the person who made the affidavit was an "agent" of the corporation, or in any way authorized by them to make the affidavit required by law.

2. That the affidavit required must be made by the "president or other chief officer of the corporation, or, in case of his absence, by the cashier, treasurer, or secretary."

For the motion, it was insisted that the act of 22d March, 1817, "relative to suits brought by or against corporations," which requires that the affidavit should be made by the president, &c. of the corporation, was in full force.

That the subsequent act, of 11th June, 1832, did not in that respect alter or repeal that of 1817.

And to show the practice under the act of 1817, cited 4 *W. & Ser.* 416 ; 6 *Ser. & R.* 89 ; 8 *id.* 517.

He contended also, that it did not legally appear that Macalester was the "agent" of the plaintiff in error, nor was that fact ascertained by the prothonotary at the time the affidavit was made.

*C. Ingersoll*, contra, alleged that by the uniform practice of the court since the act of 1832, affidavits in like cases, made by agents and attorneys of corporations, had been allowed, and called upon the prothonotary of the court, who stated that to have been the practice. That the act of 1817 was merely directory in cases where the corporation did not act by an agent or attorney.

*Hood* replied.

The opinion of the court was delivered, January 20th, by
Gibson, C. J.—The act of 1832 enlarges the act of 1817, but does not repeal it. Why should not the affidavit be made as well by a special deputy as by a president, secretary, or treasurer? Such a deputy is within not only the letter, but the reason of the subsequent act, though corporations are not particularly mentioned in it. A corporation is certainly a party, and its deputy is its agent. An affidavit could seldom be made by an officer of a foreign corporation in time to supersede execution ; and the proper officer of even a domestic one may be abroad at the important moment. As a preventive of abuse, the affidavit is not of sufficient worth to induce a rigid construction. Every man who has lost a lawsuit believes he has suffered injustice, and is willing to swear it ; but his agent or attorney, less influenced by resentment, will swear with more caution. It sufficiently appears, in this instance,

that the agent had authority to interfere. To require an express deputation, would be as inconvenient as to require an affidavit by a corporate officer. The practice has been otherwise, and we will not disturb it.

Rule discharged.