## Katz Underwear Company v. Erie Railroad Company.

*Justice of the peace—Certiorari—Affidavit—Agent of appellant—Act of March 27, 1833 — Summons — Short summons — Artificial person — Act of July 12, 1842.*

1. An agent of a railroad company, defendant in a judgment entered before a justice of the peace under the Act of March 27, 1833, P. L. 99, may make the affidavit for a *certiorari* to take the judgment into the Common Pleas.

2. Where a summons is issued by a justice of the peace to one named as the agent of a railroad company, a judgment against the company is void.

3. A summons issued on Dec. 18th and made returnable Dec. 21st is void.

4. A judgment entered on a short summons is void where there is nothing in the record to show that the defendant was a foreign defendant.

5. A short summons cannot be issued against an artificial person under the Act of July 12, 1842, P. L. 339.

*Certiorari* to justice of the peace. C. P. Wayne Co., Oct. T., 1923, No. 201.

*Homer Greene*, for plaintiff; *A. G. Rutherford*, for defendant.

SEARLE, P. J., Jan. 15, 1925.—*Certiorari* was issued in this case Jan. 2, 1924, and the record filed Jan. 16, 1924.

On March 18, 1924, nine exceptions were filed to the record of the justice, exceptions one, two, three and six being the only ones, however, necessary to consider.

On Oct. 23, 1924, an answer to the exceptions was filed. This answer is not sworn to. Said answer avers, among other matters, "The plaintiff further sets forth, in answer to the exigency of the writ, that the court is without

jurisdiction in this proceeding, the case having been brought up by a writ inadvertently and unlawfully issued, in that the affidavit on which the writ was based was made by C. J. Dibble as agent of the defendant company, and not by the president, cashier, treasurer, secretary or other chief officer of the corporation, as required by law."

No motion was made to quash the *certiorari*, which is the proper method by which to proceed if a *certiorari* has been improperly issued. However, the 2nd section of the Act of March 27, 1833, P. L. 99, provides that "from and after the passage of this act, whenever an appeal is entered in the Supreme Court, or a *certiorari* is sued out to remove the proceedings of a justice or alderman to the Common Pleas or Quarter Sessions, the party, his agent or attorney, may make and enter into the required affidavit and recognizance."

It will be noted that the wording of section 2 of the Act of March 27, 1833, is similar to the wording of section 3 of the Act of June 11, 1832, P. L. 611.

In the case of Academy of Fine Arts *v.* Power, 14 Pa. 442, an appeal was taken to the Supreme Court and the affidavit for such appeal was made by the agent of the appellant. Counsel for the appellee moved to quash the writ: First, because it did not appear that the person who made the affidavit was an agent of the corporation or in any way authorized by them to make the affidavit required by law; second, that the affidavit required must be made by the president or chief officer of the corporation, or, in his absence, by the cashier, treasurer or secretary, for the reason that the Act of March 27, 1817, was still in force, and that the subsequent Act of June 11, 1832, did not repeal or alter the Act of March 27, 1817.

The exceptions filed in the case cited are practically the same as those cited by counsel for Katz Underwear Company in this case. Gibson, C. J., in the opinion, stated that the agent was the proper person to make the affidavit, and refused to quash the writ.

Section 2 of the Act of March 27, 1833, enlarges the Act of 1817, but does not repeal it. The argument set forth by Gibson, C. J., would apply equally well in this suit. He says: "An affidavit could seldom be made by an officer of a foreign corporation in time to supersede execution, and the proper officer of even a domestic one may be abroad at an important moment."

It was for this reason that the act was passed allowing the affidavit to be made by the party, his agent or attorney.

The affidavit filed, setting forth the agency and complying in all respects with the requirements of the law, was sufficient and made by a proper person, and that point taken by the counsel for the plaintiff is not well taken. Further, there is no motion before this court to quash the writ, though we cannot see that such a motion could have been of any avail, even though it had been made in a proper manner and within a reasonable time.

We will now consider exceptions one, two, three and six, which are as follows:

"1. The suit is instituted against the Erie Railroad Company, and in the summons the constable is directed to summon C. J. Dibble, agent of the Erie Railroad Company, and not the Erie Railroad Company, defendant, named in the præcipe.

"2. The summons was issued on Dec. 18, 1923, and made returnable on Dec. 21, 1923, which time was less than the time required by law to intervene between the date and the return of summons.

"3. There is nothing in the record to show that the Erie Railroad Company was a foreign defendant, and as such was entitled to be served by a short summons.

### Katz Underwear Company v. Erie Railroad Company.

"6. The justice was without jurisdiction in this case, for the reason that the act of assembly relating to short summons does not apply to artificial persons."

Exception 1. This suit was instituted against the Erie Railroad Company, and the summons issued to the constable directed him to summon C. J. Dibble, agent of the Erie Railroad Company. Judgment was then entered against the Erie Railroad Company. Judgment having been entered against a person not summoned, the judgment is void: Link & Co. v. Repple, 7 Pa. C. C. Reps. 138.

Exception 2. The summons in this case was issued on Dec. 18, 1923, and made returnable on Dec. 21, 1923. The act of assembly states that the defendant must appear before the justice on a certain day, not more than eight or less than five days after the date of the summons. This point has been decided in many cases: Cumbler v. Gehring, 1 Pa. Justices' Law Repr. 66; Gilmore v. Allds, 1 Pa. Justices' Law Repr. 231; Harlan v. Tripp, 21 Pa. C. C. Reps. 116, 7 Dist. R. 382.

Exception 3. There is nothing in the record to show that the Erie Railroad was a foreign defendant, and, as such, one that could be served by a short summons. In Courtors et al. v. Jennings, 1 Pa. Justices' Law Repr. 200, the court said the justice is without jurisdiction where the summons is made returnable in less than five days, the record not showing that the defendant was not a resident of the county nor that he appeared at the time fixed for hearing. In the present case there is nothing on the record to show that the Erie Railroad Company was not a resident of the county, and the record does show that it did not appear at the hearing.

Exception 6. The justice was without jurisdiction in this case, for the reason that the act of assembly relating to short summons does not apply to artificial persons. Even if we should decide that the record was sufficient to show that the Erie Railroad Company was a non-resident, yet the justice would have no jurisdiction, for the reason that the act does not apply to artificial persons.

The purpose of the Act of 1842 (Short Summons Act) was to abolish imprisonment for debt and to punish fraudulent debtors. All through the act it would appear that the defendant must be a real person, rather than an artificial person, such as a corporation. The Act of July 12, 1842, P. L. 339, could not be said to include artificial persons as well as natural persons.

Exceptions one, two, three and six are sustained.

Now, to wit, Jan. 15, 1925, judgment in this case is reversed and set aside, with costs of suit.